No. 345.—ALEXANDER POPE v. JOHN B. FOSTER—JEANNETTE FOSTER, Intervenor.

The wife who joins her husband in the purchase of a tract of land and takes the title to a portion of the land in her own name, for which a cash payment is made and acknowledged by the vendor, and for the balance notes are given with the vendor's privileges retained, can not be permitted to intervene in a suit by the vendor to enforce the vendor's lien and be relieved from the vendor's lien so far as her portion of the property is affected, unless she shows that the money paid for her portion of the land was her separate paraphernal funds, and under her separate administration at the time.

APPEAL from the Tenth Judicial District Court, parish of De Soto. Levisee, J. Nutt & Leonard, for plaintiff and appellant. Elam & Wemple, for intervenor.

WYLY, J.— On sixteenth December, 1869, the plaintiff sold eight hundred and eighty-five acres of land to John B. Foster and his wife Jeannette Foster, by act under private signature, acknowledging as the price the receipt of $2500 cash from the said Jeannette, and two notes from said John B. Foster, one for $2500, due first January, 1871, and the other for $1000, due first January, 1872. Following the description of the land in the deed is this clause: "And I hereby convey three hundred and sixty acres of said land to said Jeannette Foster for the consideration aforesaid, and the remaining portion thereof to the said John B. Foster for the promissory notes made, executed and delivered to me this day by said John B. Foster, to have and to hold to the said Jeannette and John B. Foster (reserving to myself the vendor's lien), their heirs and assigns." This suit is brought on the first note and to enforce the vendor's privilege on the whole tract.

Jeannette Foster (the wife of the defendant) intervenes and prays to be recognized as the owner of three hundred and sixty acres of the land free of the vendor's lien. She also prays for partition of the land.

The court recognized the title of the intervenor and ordered a partition; it also gave judgment against the defendant John B. Foster for the amount of the note, and recognized the vendor's lien on all the.

land except the three hundred and sixty acres, decreed to belong to Jeannette Foster.

We think the court erred in allowing the demand of the intervenor.

The property acquired in her name is presumed to belong to the community, and liable to community debts. To show title the intervenor must prove affirmatively that the sum paid for the land was her paraphernal funds, under her separate administration. See Shaw *v.* Hill, 20 An. 531.

This has not been done. The only proof introduced by her is the testimony of her husband, which fails to convince us that she owned the funds paid for the land, and that she had them under her separate administration. The plaintiff's vendor's privilege should be recognized on the whole tract.

It is therefore ordered that the judgment in favor of the intervenor be annulled and that her demand be rejected with costs; it is further ordered that the judgment in favor of the plaintiff be amended by allowing the vendor's privilege to be enforced on all the land described in the deed which the plaintiff executed on the sixteenth December, 1869, to the defendant and his wife, and as thus amen'ed let it be affirmed, with costs.